*IT IS SO ORDERED AS MODIFIED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re APPLIED MICRO CIRCUITS CORPORATION, INC. DERIVATIVE LITIGATION  _____ This Document Relates To:  ALL ACTIONS. _____ | ) LEAD CASE NO. CV 06-04269-JW ) ) ) [PROPOSED] ORDER AND FINAL ) JUDGMENT ) ) ) DATE:       May 5, 2008 ) TIME:        9:00 a.m. ) CRTRM:    8, 4th Floor ) JUDGE:     Hon. James Ware |

WHEREAS, on May 5, 2008, the Court conducted a hearing on Final Approval of the Proposed Settlement of the above entitled action. Upon consideration of the parties' arguments, including those of the objectors, the Court ORDERS as follows:

WHEREAS, the parties to the above-captioned action (the "Action") entered into a Stipulation of Settlement dated as of January 28, 2008 (the "Stipulation"), and have applied to this Court for final approval of the settlement provided for therein (the "Settlement") pursuant to Rule 23.1 of the Federal Rules of Civil Procedure ("Rule 23.1");

WHEREAS, on February 27, 2008, this Court entered a Corrected Preliminary Approval Order ("Preliminary Order"), preliminarily approving the Settlement and requiring notice to stockholders of Applied Micro Circuits Corporation, Inc. ("AMCC" or "the Company"), who held shares of AMCC common stock on January 28, 2008, by mailing via first-class mail to each shareholder of record the Notice and by publishing by news wire the Summary Notice;

WHEREAS, the Preliminary Order set a hearing for May 5, 2008, to determine whether:

(i)   the plaintiffs fairly and adequately represent the interests of the shareholders in enforcing the right of the Company;

(ii)  the proposed Settlement should be approved as fair, reasonable and adequate;

(iii) final judgment should be entered thereon dismissing the Litigation with prejudice; and

(iv)  whether Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses should be granted;

WHEREAS, notice has been provided to stockholders of AMCC in compliance with the Preliminary Order; and

WHEREAS, in accordance with the Preliminary Order and the notice described therein, a hearing was held on May 5, 2008, all interested parties were afforded an opportunity to be heard, and the Court made certain findings of fact and conclusions of law, as set forth in the transcript of that hearing;

NOW, THEREFORE, it is ORDERED, ADJUDGED AND DECREED pursuant to Rule 23.1 that:

[PROPOSED] ORDER AND FINAL JUDGMENT -- LEAD CASE NO. CV 06-04269 JW

1.  The terms and definitions employed in the Stipulation are incorporated by reference and adopted herein.

2.  This Court has jurisdiction over the subject matter of the Litigation, over all parties to the Litigation and over those persons and entities that objected to the Settlement.

3.  The Settlement of the Litigation is, in all respects, fair, reasonable and adequate, is in accordance with Rule 23.1 and is in the best interest of AMCC and its shareholders and should be approved.  Accordingly, the Stipulation and Settlement are hereby approved.

4.  The notice provided for in the Preliminary Order constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process and Rule 23.1.

5.  The Consolidated Amended Shareholder Derivative Complaint filed in the Litigation is hereby dismissed in its entirety, with prejudice and without costs to any party, other than as set forth in the Stipulation and this Order and Final Judgment.

6.  The Court hereby approves the release provisions of the Stipulation in favor of the Individual Defendants and others, and directs that, in consideration of the terms and conditions of the Stipulation, upon the Effective Date, Plaintiffs and any other present stockholders of the Company (claiming by, through, in the right of, or on behalf of the Company), and the Company (or any person claiming by, through, in the right of, or on behalf of the Company, by subrogation, assignment or otherwise) fully, finally and forever release, relinquish and discharge all Released Claims against the Released Persons and the Related Persons, including the claims that were made derivatively on behalf of AMCC in *In re Applied Micro Circuits Corporation Shareholder Derivative Litigation*, Case No. 1-06-CV-069540, California Superior Court, County of Santa Clara ("State Court Action").

7.  The Court hereby approves the release provisions of the Stipulation in favor of Plaintiffs and others, and directs that, in consideration of the terms and conditions of the Stipulation, upon the Effective Date, each of the Defendants, the Released Persons and the Related Persons, fully, finally and forever release, relinquish and discharge Plaintiffs and their counsel from all claims

arising out of, or relating to or in connection with, their institution, prosecution, assertion or resolution of the Litigation or the Released Claims.

8.  The Court hereby approves the Parties' (i) acknowledgment that after the signing of the Stipulation they may discover facts in addition to or different from those which they then know or believe to be true and their agreement that, in such event, the releases set forth above shall nonetheless remain effective in all respects; and (ii) waiver of any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

9.  AMCC has adopted or will adopt certain additional corporate governance measures set forth in Exhibit A to the Stipulation, and, with respect to ongoing obligations created by those changes, AMCC shall keep such obligations in force and substantially similar form, for a period of at least ten years from the date of the Stipulation, unless a majority of the shareholders of AMCC vote to amend these obligations.  Notwithstanding the foregoing, in no event shall AMCC be obligated to adopt, implement or enforce any measures that, either now or in the future, conflict with or are otherwise inconsistent with any NASDAQ National Market listing requirements, the listing requirements of any exchange on which its stock is traded, any regulations of the Securities and Exchange Commission or any applicable law.

10.  Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the amount of $ 905,000.00 , with such payment to be made in accordance with the terms of the Stipulation.

11.  This Order and Final Judgment, the Stipulation, all exhibits thereto, and any and all negotiations, papers, writings, statements and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as (a) an admission, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Individual Defendants; or (b) an admission of, or evidence of, any fault or omission of any of the Individual Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or this Order and Final Judgment, except that the Defendants may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or

[PROPOSED] ORDER AND FINAL JUDGMENT -- LEAD CASE NO. CV 06-04269 JW

counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, including but not limited to the State Court Action.

12. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, including effectuating the release of claims in related proceedings such as the State Court Action and all parties hereto submit to the jurisdiction of the Court for the purposes of implementing and enforcing the Settlement embodied in the Stipulation.

13. In the event that the Effective Date does not occur in accordance with the terms of the Stipulation, including effectuating the release of claims in related proceedings such as the State Court Action this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

SO ORDERED.  The Clerk shall close this file.

DATED: _____May 8___, 2008               _____/s/ James Ware_____
                                         JAMES WARE
                                         UNITED STATES DISTRICT COURT JUDGE

Submitted by,

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
RACHELE R. RICKERT


      /s/ Rachele R. Rickert
       RACHELE R. RICKERT

750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

[PROPOSED] ORDER AND FINAL JUDGMENT -- LEAD CASE NO. CV 06-04269 JW

- 4 -

1  WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
2  LAWRENCE P. KOLKER
   GUSTAVO BRUCKNER
3  RACHEL S. POPLOCK
   270 Madison Avenue
4  New York, NY 10016
   Telephone:  212/545-4600
5  Facsimile:   212/545-4653

6  Lead Counsel for Plaintiffs

7  GAINEY & McKENNA
   THOMAS J. MCKENNA
8  295 Madison Avenue, 4th Floor
   New York, NY 10017
9  Telephone:  212/983-1300
   Facsimile:   212/983-0383
10
   Attorneys for Plaintiff Francesco Ciabatti
11
   LAW OFFICES OF JACOB T. FOGEL, P.C.
12 JACOB T. FOGEL
   32 Court Street – Suite # 602
13 Brooklyn, New York 11201

14 Attorneys for Plaintiff Pinchus Berliner

26 AMCC:15631.ORD

28 [PROPOSED] ORDER AND FINAL JUDGMENT  -- LEAD CASE NO.  CV 06-04269 JW